IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RANDY EZELL MITCHELL | § | |
| | § | |
| v. | § | C.A. NO. C-08-052 |
| | § | |
| NATHANIEL QUARTERMAN | § | |

### MEMORANDUM AND RECOMMENDATION TO DENY PETITIONER'S MOTION FOR ENTRY OF A DEFAULT JUDGMENT

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Pending is petitioner's motion for entry of a default judgment. (D.E. 12).

On April 14, 2008, an order for service of process was issued. (D.E. 9). However, that order was not entered until Tuesday, April 15, 2008. It required respondent to file an answer within thirty days of receipt of the order. Id. at ¶ 3. On Wednesday, May 21, 2008, respondent filed an answer. (D.E. 10).

In the pending motion, petitioner argues that respondent has not filed an answer with the court as required by law within 30 days of the date of service. (D.E. 12, at 1). Consequently, he seeks entry of a default judgment. Id.

### I. DISCUSSION

Default judgment is not appropriate in a habeas proceeding because the failure of respondent to file an answer does not entitle petitioner to habeas corpus relief. See, e.g., Wiggins v. Procunier, 753 F.2d 1318, 1321 (5th Cir. 1985) (citing

United States ex rel. Mattox v. Scott, 507 F.2d 919, 924 (7th Cir. 1974) (holding that default judgment is not an appropriate remedy for a state's failure to answer a habeas corpus petition)); Gordon v. Duran, 895 F.2d 610, 612 (9th Cir. 1990) ("The failure to respond to claims raised in a petition for habeas corpus does not entitle the petitioner to a default judgment."). The Fifth Circuit has found that a district court should not have "visited upon the community the consequences" of granting habeas corpus relief because of the government's delay in responding to a court order. Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir. 1981).

## II.  RECOMMENDATION

For the foregoing reasons, it is respectfully recommended that petitioner's motion for entry of a default judgment, (D.E. 12), be denied.

Respectfully submitted this 2nd day of June 2008.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 72(b) of the Federal Rules of Civil Procedure; Rule 8(b) of the Rules Governing § 2254 Cases; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).