IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RANDY EZELL MITCHELL, | § | |
| | § | |
| v. | § | C.A. NO. C-08-052 |
| | § | |
| NATHANIEL QUARTERMAN. | § | |

**MEMORANDUM AND RECOMMENDATION**
**TO GRANT RESPONDENT'S MOTION FOR SUMMARY JUDGMENT**

Petitioner is a state prisoner currently imprisoned at the McConnell Unit in Beeville, Texas. On February 15, 2008, petitioner filed this petition for a writ of habeas corpus, challenging a classification decision by the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID"). (D.E. 1). On May 21, 2008, respondent filed an answer, (D.E. 10), and a motion for summary judgment. (D.E. 11). Petitioner has not filed a response.[1] For the reasons stated herein, it is respectfully recommended that respondent's motion for summary judgment be granted.

**I. JURISDICTION**

The Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 2241, 2254, which provide that jurisdiction is proper where the inmate is confined, or where the conviction was obtained. Wadsworth v. Johnson,

---

[1] Pursuant to Local Rule 7.4, failure to respond is taken as a representation of no opposition.

235 F.3d 959, 961-62 (5th Cir. 2002). Petitioner is incarcerated in the McConnell Unit in Bee County, Texas, and therefore jurisdiction is proper in this Court. 28 U.S.C. § 124(b)(6).

## II.  BACKGROUND

On March 23, 1982, petitioner received six life sentences after a jury found him guilty of six counts of aggravated robbery. (D.E. 10, at 2). He does not complain about his underlying state conviction, but rather challenges a TDCJ-CID classification decision. (D.E. 1, at 7). However, he explains only that "the prison administration has housed petitioner on safe-keeping without no reasons to [sic] to why he is on safe-keeping. This violate [sic] the TDCJ classification plan of Ruiz [v. Estelle, 629 F.2d 1115 (5th Cir. 1982)]." Id.

On May 21, 2008, respondent filed the pending motion for summary judgment. (D.E. 11). He argues that petitioner's claims are not cognizable on habeas review, id. at 3, and that his allegations are too conclusory to merit relief. Id. at 5. Petitioner has not filed a response.

## III.  STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedure applies to habeas corpus proceedings. Clark v. Johnson, 202 F.3d 760, 764 (5th Cir. 2000). Summary judgment is appropriate when there is no disputed issue of material fact and one

party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The court must consider the record as a whole, reviewing all pleadings, depositions, affidavits, and admissions on file, and drawing all reasonable inferences in favor of the party opposing the motion. Caboni v. Gen. Motors Corp., 278 F.3d 448, 451 (5th Cir. 2002).

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Williams v. Adams, 836 F.2d 958, 960-61 (5th Cir. 1988). Any controverted evidence must be viewed in the light most favorable to the non-movant, and all reasonable doubts must be resolved against the moving party. Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990).

If the moving party makes the required showing, then the burden shifts to the non-movant to show that summary judgment is not appropriate. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Fields v. City of S. Houston, 922 F.2d 1183, 1187 (5th Cir. 1991). The non-movant cannot carry his burden by merely resting on allegations in the pleadings, but must set forth material controverted facts in his response to the motion for summary judgment.

Fed. R. Civ. P. 56(e); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).  Summary judgment is proper if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which he bears the burden of proof at trial."  ContiCommodity Servs., Inc. v. Ragan, 63 F.3d 438, 441 (5th Cir. 1995) (quoting Celotex, 477 U.S. at 322-23).

## IV.  DISCUSSION

**A.    Only Claims Challenging The Fact Or Length Of Confinement Are Cognizable On Habeas Corpus Review.**

To warrant federal habeas corpus review, a state prisoner must satisfy two jurisdictional prerequisites: first, that he is in custody, and second, that his claims challenge that custody on the basis of federal law.  28 U.S.C. § 2241(c)(3), § 2254(a); Boyd v. Scott, 45 F.3d 876, 881 (5th Cir. 1994) (per curiam) (a federal writ of habeas corpus is available to a state prisoner only on the ground that he is in custody in violation of the Constitution or laws and treaties of the United States). Only claims that challenge the fact or length of confinement and seek an immediate or speedier release are cognizable in habeas corpus.  Preiser v. Rodriguez, 411 U.S. 475, 499 n.14 (1973); see also Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't, 37 F.3d 166, 168 (5th Cir. 1994) (distinguishing conditions of confinement from fact of confinement); Jackson v. Torres, 720 F.2d

877, 879 (5th Cir. 1983) (per curiam).  The Fifth Circuit has explained that "[i]f 'a favorable determination ... would not automatically entitle [the prisoner] to accelerated release,' the proper vehicle is a § 1983 suit." Carson v. Johnson, 112 F.3d 818, 820-21 (5th Cir. 1997) (quoting Orellana v. Kyle, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam)).  Similarly, a prisoner cannot use a habeas petition to seek injunctive relief unrelated to the cause of his detention.  See Rourke v. Thompson, 11 F.3d 47, 49 (5th Cir. 1993) (citation omitted).

In Ruiz, Texas state inmates filed a class action alleging numerous constitutional violations pursuant to 42 U.S.C. § 1983.  679 F.2d at 1126, 1137.  Among the various issues raised by the class members was the classification of inmates.  The district court determined that

> So long as [TDCJ] confines more than one inmate to a cell of sixty square feet or less, or to a dormitory, [TDCJ] must maintain a classification system that ensures that abuses of inmates by those with whom they live will be minimized.  [TDCJ] was required ... to file with the court a plan setting forth an adequate classification system and a timetable for implementation.

Id. at 1144.  The Fifth Circuit affirmed the district court's approach.  Id. at 1149.  It is unclear precisely what plaintiff's Ruiz classification claim is, but it should be brought pursuant to § 1983.

Petitioner alleges that officers at the McConnell Unit are holding him in

5

"safe-keeping" without explanation. (D.E. 1, at 7). Although he does not specify the relief sought, he presumably seeks an injunction ordering the TDCJ-CID to either change his classification, or offer him an explanation. (D.E. 1, at 7). These claims must be brought pursuant to § 1983, not in a petition for habeas corpus. Accordingly, it is respectfully recommended that petitioner's claim is not cognizable on habeas review.

### B. Petitioner Has Not Shown That His Constitutional Rights Were Violated.

When challenging acts by prison officials, a habeas petitioner must show that the adverse action intrudes on a protected liberty interest "so as to entitle him to those minimum procedures appropriate under the circumstances and required by the due process clause to insure that the state-created right is not arbitrarily abrogated." Madison v. Parker, 104 F.3d 765, 768 (5th Cir. 1997) (citation omitted); see also Malachi v. Thaler, 211 F.3d 953, 957 (5th Cir. 2000) ("Federal habeas relief cannot be had 'absent the allegation by a plaintiff that he or she has been deprived of some right secured to him or her by the United States Constitution....'") (citation omitted). The Supreme Court has explained that these liberty interests "will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to

protection of the Due Process Clause of its own force..., nonetheless imposes atypical and significant hardship ... in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995) (citations omitted). The Fifth Circuit has further explained that "these interests are generally limited to state created regulations or statutes which affect the quantity of time rather than the quality of time served by a prisoner." Madison, 104 F.3d at 767.

In general, inmates do not have a protected property or liberty interest in their custodial classifications. Harper v. Showers, 174 F.3d 716, 719 (5th Cir. 1999) (citation omitted); Moody v. Baker, 857 F.2d 256, 257-58 (5th Cir. 1988) (citation omitted). The Constitution itself "does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement." Wilkerson v. Austin, 545 U.S. 209, 221-22 (2005); see also Meachum v. Fano, 427 U.S. 215, 225 (1976) (no liberty interest arising from due process clause itself in transfer from low to maximum security prison because "[c]onfinement in any of the State's institutions is within the normal limits or range of custody which the conviction has authorized the State to impose").

The Ruiz decree does not alter this analysis, because remedial orders do not create or enlarge rights arising under the Constitution or laws of the United States. Purvis v. Johnson, 78 Fed. Appx. 377, 380 (5th Cir. 2003) (per curiam)

(unpublished) (citing Green v. McKaskle, 788 F.2d 1116, 1123 (5th Cir. 1986)). Similarly, the TDCJ-CID's failure to follow its own classification rules, if proven, would not entitle petitioner to habeas relief.  See Stanley v. Foster, 464 F.3d 565, 569 (5th Cir. 2006) ("a prison official's failure to follow the prison's own policies, procedures or regulations does not constitute a violation of due process") (citation omitted).  Accordingly, it is respectfully recommended that petitioner's classification does not impair any protected interest.

Even if a protected liberty interest were involved, petitioner has not sufficiently alleged a constitutional violation.  The Fifth Circuit has explained that "[m]ere conclusory statements do not raise a constitutional issue in a habeas case." Schlang v. Heard, 691 F.2d 796, 799 (5th Cir. 1982) (per curiam) (citations omitted).  "Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition ..., unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value."  Ross v. Estelle, 694 F.2d 1008, 1011 (5th Cir. 1983) (per curiam) (citations omitted).

The classification of inmates is a matter within the discretion of prison officials. McCord v. Maggio, 910 F.2d 1248, 1250 (5th Cir. 1990) (citation omitted).  Thus, absent an abuse of discretion, a federal court may not interfere

with administrative determinations regarding custodial classifications of inmates. Whitley v. Hunt, 158 F.3d 882, 889 (5th Cir. 1998) (per curiam) (citation omitted). Petitioner's skeletal allegations do not establish that the classification decision was arbitrary or capricious. Accordingly, it is respectfully recommended that his claim is without merit.

### V.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the Fifth Circuit from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although petitioner has not yet filed a notice of appeal, it is respectfully recommended that this Court nonetheless address whether he would be entitled to a certificate of appealability. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may sua sponte rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability "may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C.

§ 2253(c)(2).  "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits."  Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  This standard requires a § 2254 petitioner to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further.  United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483).

As to claims district courts reject solely on procedural grounds, a petitioner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack, 529 U.S. at 484 (emphasis added).

It is respectfully recommended that reasonable jurists could not debate the denial on substantive or procedural grounds nor find that the issues presented are adequate to proceed.  Miller-El, 537 U.S. at 327 (citing Slack, 529 U.S. at 484).  Accordingly, it is respectfully recommended that the Court find that petitioner is

not entitled to a certificate of appealability.

## VI. RECOMMENDATION

For the foregoing reasons, it is respectfully recommended that respondent's motion for summary judgment, (D.E. 11), be granted. It is further respectfully recommended that a certificate of appealability be denied.

Respectfully submitted this 1st day of July 2008.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Rule 72(b) of the Federal Rules of Civil Procedure; Rule 8(b) of the Rules Governing § 2254 Cases; 28 U.S.C. § 636(b)(1)(C); and Article IV, General Order No. 2002-13; United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except on grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).